# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-24078-BLOOM

MATTHEW LEO JACKSON FAISON,

    Petitioner,

v.

WARDEN, CALHOUN
CORRECTIONAL INSTITUTION,

    Respondent.

_____/

## **ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Matthew Leo Jackson Faison's Petition for a Writ of Habeas Corpus, ECF No. [1] ("Petition"). Petitioner challenges the constitutionality of his convictions and sentence in Miami-Dade County Case No. F79-013113. *Id.* at 1. The Court has reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed without prejudice.

"Federal courts have . . . have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is . . . cognizable under a different remedial . . . framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). "[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions . . . by nominally bringing suit under § 2241." *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019). Petitioner filed the Petition under 28 U.S.C. § 2241. ECF No. [1] at 1. However, he is in the custody of the Florida Department of Corrections per a Florida state court judgment, and he challenges his sentences and convictions. *Id.* Therefore, his petition is governed by § 2241 and § 2254. *Thomas v. Crosby*, 371 F.3d 782, 787-88 (11th Cir.

2004); *see Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176 (11th Cir. 2019) (describing the Antiterrorism and Effective Death Penalty Act's "restrictions on second or successive applications" as a "procedural obstacle" that cannot be overcome by bringing suit under § 2241).

Petitioner first filed a § 2254 petition for writ of habeas corpus that was dismissed as time-barred. *See Faison v. Seimoney*, No. 01-04129-cv-Middlebrooks (S.D. Fla. Jan. 15, 2002), ECF No. [17]. He subsequently filed additional § 2254 petitions that were dismissed as unauthorized successive petitions. *See Faison v. Fla., Dep't of Corr.*, No. 21-cv-22157-Cannon (S.D. Fla. June 11, 2021), ECF No. [3] (dismissing § 2254 petition for lack of jurisdiction); *Faison v. Inch*, No. 20-cv-20476-Ungaro (S.D. Fla Mar. 12, 2020), ECF No. [9] (same); *Faison v. Inch*, No. 19-21562-cv-Ungaro (S.D. Fla. Oct. 7, 2019), ECF No. [7] at 2 (collecting cases).

The Petition lists four grounds for relief. However, the four claims are largely indiscernible. Liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), Petitioner appears to argue that he is entitled to relief for the following reasons: (1) favorable changes in the law since the time of his direct appeal, ECF No. [1] at 6; (2) plea negotiations that did not lead to a plea agreement and his subsequent "illegal sentence," *id.* at 9; and (3) the jury should have been informed at the start of the trial that the trial judge "filed her own motion of judgment of acquittal, acquitted the defendant, and ordered a new trial," *id.* at 11. Petitioner also requests relief under 28 U.S.C. § 2517, "payment of judgments: because the petitioner is going to need compensation to survive." *Id.* at 16.

Rule 4(b) of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Consistently, the United States Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S.

849, 856 (1994) (citation omitted). Against this backdrop, courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines*, 404 U.S. at 520).

The Court finds that the Petitioner is not entitled to relief. Petitioner's initial § 2254 petition that challenged the same 1979 convictions and sentences was denied on the merits. "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Cases, Rule 9. As authorization has not been granted, this Court lacks jurisdiction to hear this instant Petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Because the Court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to any of Petitioner's claims. *See Aruanno v. Florida*, No. 20-cv-23135-BLOOM, 2020 WL 8675810, at *1 (S.D. Fla. July 30, 2020) (citing *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**;
2. No certificate of appealability shall issue;
3. All pending motions are **DENIED** as moot; and
4. The clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 22, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-24078-BLOOM

Copies to:

Counsel of Record

Matthew Leo Jackson Faison, *Pro Se*
#038634
Calhoun Correctional Institution
Inmate Mail/Parcels
19562 SE Institution Drive
Blounstown, FL 32424
PRO SE